# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs at Knoxville July 23, 2013

## WILLIAM HENRY PRESTON v. JEWEL STEEL, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 89-W-137    Steve Dozier, Judge**

---

**No. M2013-00276-CCA-R3-HC - Filed September 9, 2013**

---

William Henry Preston ("the Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus. Pursuant to a plea agreement and his pleas of guilty to six counts of aggravated rape, the Petitioner received a total effective sentence of forty years as a Range I standard offender. In his petition, he alleges that his sentences are illegal because the trial court and his counsel failed to advise him that he would be subject to community supervision for life as a result of his convictions. In addition, the Petitioner asserts that his total effective sentence of forty years has expired due to the accumulation of sentence reduction credits. The habeas corpus court dismissed his petition. The Petitioner now appeals. Upon our thorough review of the record and applicable law, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment
of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

William Henry Preston, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

In June 1989, the Petitioner pleaded guilty in Davidson County Criminal Court to six counts of aggravated rape. Pursuant to a plea agreement, the Petitioner was sentenced as a

Range I standard offender to six concurrent sentences of forty years, resulting in a total effective sentence of forty years. From 1996 to 1999, the Petitioner filed three petitions for writs of habeas corpus, and in each case this Court affirmed the habeas corpus court's dismissal of those petitions. See William Henry Preston v. Fred Raney, No. 02C01-9807-CC-00228, 1999 WL 20788, at *1 (Tenn. Crim. App. Jan. 20, 1999) (affirming the dismissal of a habeas corpus petition claiming that the underlying judgments were void because the indictment failed to allege the appropriate culpable mental state), perm. app. denied (Tenn. July 19, 1999); William Henry Preston v. State, No. 02C01-9610-CC-00338, 1997 WL 74520, at *1 (Tenn. Crim. App. Feb. 24, 1997) (affirming the dismissal of a habeas corpus petition claiming that the judgments were void because the indictment failed to allege the *mens rea* for the offense charged); William Henry Preston v. Bill Compton, No. 02C01-9602-CC-00043, 1996 WL 432346, at *1 (Tenn. Crim. App. Aug. 2, 1996) (affirming the dismissal of a habeas corpus petition claiming that Petitioner was "falsely arrested and detained without first being indicted or the subject of an arrest warrant"), perm. app. denied (Tenn. Oct. 19, 1998).

In the instant case, the Petitioner, pro se, filed his fourth petition seeking habeas corpus relief alleging that: (1) his sentences are illegal because neither the trial court nor his counsel informed him of the alleged statutory requirement of lifetime community supervision pursuant to Tennessee Code Annotated section 39-13-524; (2) he was denied effective assistance of counsel; and (3) his total effective sentence of forty years has expired due to the accumulation of sentence reduction credits. The habeas corpus court found that the lifetime community supervision requirement did not apply to the Petitioner's convictions. Therefore, the court concluded that there was no basis for habeas relief and dismissed the petition. The Petitioner appealed.

## Standard of Review

"Whether to grant relief upon review of the denial of a petition for a writ of habeas corpus is a question of law." Cantrell v. Easterling, 346 S.W.3d 445, 448 (Tenn. 2011) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Thus, our Court's standard of review is de novo, with no presumption of correctness. Id.; Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Killingsworth v. Ted Russell Ford, Inc., 205 S.W.3d 406, 408 (Tenn. 2006)).

## Analysis

A convicted criminal's right to pursue habeas corpus relief is guaranteed by both the United States and Tennessee Constitutions. See U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. Statutory law, however, has governed this right in Tennessee for over a century.

See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968); see also Tenn. Code Ann. § 29-21-101 (2012).

In Tennessee, the "grounds upon which habeas corpus relief will be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). A judgment is void if it is "facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993)). On the other hand, a judgment is merely voidable if it is "facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). A petitioner must prove that a judgment is void or that his sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

The Petitioner asserts that the six judgments of conviction entered on his pleas of guilty are void because neither the trial court nor his trial counsel advised him that he would be subject to community supervision for life. See Tenn. Code Ann. § 39-13-524 (Supp. 2012). However, this statute was originally enacted in 1996. See Tenn. Pub. Acts ch. 972 § 1. As noted by the habeas corpus court, Tennessee Code Annotated section 39-13-524(a) provides that persons committing the crime of aggravated rape *on or after July 1, 1996*, "shall receive a sentence of community supervision for life." Tenn. Code Ann. § 39-13-524(a) (Supp. 2012). The Petitioner committed his crimes prior to this date. Accordingly, he is not subject to the requirements of community supervision for life. Therefore, the Petitioner is not entitled to habeas corpus relief on this basis.[1]

---

[1] The petitioner also alleges in his brief on appeal that he "has been subjected to *ex post facto* violations by the action of [Tennessee Department of Correction] Counselor III. Mr. Adolph Rhoades . . . ordering [the Petitioner] to participate in signing the papers for registration under the 'Supervision for Life' punishment." There is no proof in the record as to these allegations, and such an action by a Tennessee Department of Correction employee, if true, would not render the judgment void, and thus does not present a cognizable claim for habeas corpus relief. However, we do note that the lifetime community supervision requirement of section 39-13-524(a) does not apply to the Petitioner's 1989 convictions, and he cannot be compelled to register under that statute. We note that the appropriate avenue for challenging the application of the lifetime community supervision requirement to the Petitioner as an *ex post facto* violation is through a declaratory order under Tennessee Code Annotated section 4-5-223 of the Uniform Administrative Procedures Act. See Tenn. Code Ann. § 4-5-223 (2011); see also Gilbreth v. Christine Bradley, 01-A01-9402-CH-00083, 1994 WL 514163, at *2 (Tenn. Ct. App. Sept. 21, 1994).

The Petitioner also asserts that his trial counsel's failure to advise him of the community supervision for life requirement amounted to ineffective assistance of counsel. However, it is well settled that ineffective assistance of counsel is not a cognizable claim for habeas corpus relief. See Lowe v. Fortner, E2011-00048-CCA-R3-HC, 2012 WL 1080274, at *3 (Tenn. Crim. App. Mar. 30, 2012) (citing Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994)). That is, "[w]hen a prisoner contends that he was denied the constitutional right to the effective assistance of counsel, the judgment is voidable, not void." Passarella, 891 S.W.2d at 627. Moreover, for the reasons above, this requirement did not apply to the Petitioner. Thus, his trial counsel could not be ineffective for failing to advise the Petitioner of a requirement that did not exist. Therefore, the trial court properly dismissed the Petitioner's claims for habeas corpus relief on these bases.

The Petitioner further claims that his sentence has expired due to the accumulation of sentence reduction credits. Tennessee Code Annotated section 41-21-236 governs sentence reduction credits and provides that inmates who "exhibit good institutional behavior . . . *may* be awarded time credits toward the sentence imposed varying between one (1) day and sixteen (16) days for each month served." Tenn. Code Ann. § 41-21-236 (Supp. 2012) (emphasis added). The Tennessee Department of Correction, not the trial court, "has the authority and responsibility to determine sentence expiration dates and release eligibility dates of its prisoners regardless of where they are housed." Yates v. Parker, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012) (citing Shorts v. Bartholomew, 278 S.W.3d 268, 279 (Tenn. 2009)). And, "claims for post-judgment jail credit are not cognizable habeas corpus claims." Yates, 371 S.W.3d at 156; see also Tucker v. Morrow, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009) (because the application of sentence reduction credits lies "solely within the discretion of the warden of the institution where the inmate is incarcerated, claims regarding the miscalculation or misapplication of sentence reduction credits are not cognizable in a habeas corpus petition"). Therefore, because nothing in the record suggests that the Petitioner's sentence has expired due to sentence reduction credits, and because the calculation of such credits is not a cognizable claim for habeas relief, the Petitioner is not entitled to habeas corpus relief on this basis.

In his brief on appeal, the Petitioner also claims that his sentence was illegal because the trial court "was without authority to impose a sentence of forty years to be served at a rate of two days sentence reduction credits for each one day of service." This argument was raised for the first time on appeal and is therefore waived. See State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995) ("A party may not raise an issue for the first time in the appellate court."); Timmy Charles McDaniel v. David Sexton, E2012-01443-CCA-R3HC, 2013 WL 1190813, at *7 (Tenn. Crim. App. Mar. 25, 2013) (concluding that the petitioner waives an issue on appeal by failing to raise it in his petition for habeas corpus relief). Nonetheless, we note that the two judgment orders in the appellate record are facially

legal and reflect nothing about sentence reduction credits. Indeed, the Tennessee Department of Correction, not the trial court, governs sentence reduction credits. Because "there is no statutory right to sentence reduction credits," the misapplication or miscalculation of such credits does not render the original judgment void. Morrow, 335 S.W.3d at 122.

We also note that the only judgments contained in the record are two amended judgments, and the record contains no copies of the original six judgments entered. Our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petitions." Summers v. State, 212 S.W.3d 151, 261 (Tenn. 2007). And, "[i]n the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions." Id. Therefore, a habeas corpus court may summarily dismiss a petition when a petitioner fails to attach the necessary documentation to support the illegality of his sentence. Morrow, 335 S.W.3d at 120.
.

## **Conclusion**

For all of the foregoing reasons, we affirm the judgment of the habeas corpus court dismissing the Petitioner's claim for relief.

_____
JEFFREY S. BIVINS, JUDGE